Isaac P. Hernandez (SBN 025537)
Hernandez Law Firm, PLC
5330 N. 12th St.
Phoenix, Arizona 85014
Tel:   602.753.2933
Fax:   855.592.5876
Email: isaac@hdezlawfirm.com

*Attorney for Daryl Mack*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daryl Mack, | Case No. _____ |
| Plaintiff, | **COMPLAINT** |
| vs. | **DEMAND FOR JURY TRIAL** |
| American Airlines, Inc., | |
| Defendant. | |

**COMES NOW** Plaintiff Daryl Mack ("Plaintiff") in support of his Amended Complaint against Defendant American Airlines, Inc. ("Defendant"), and hereby alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff asserts claims against Defendant under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* ("Title VII"), and 42 U.S.C. §1981 ("§1981"), for injuries resulting from Defendant's unlawful conduct, including but not limited to: (1) discriminating against Plaintiff because of his race, (2) subjecting Plaintiff to unlawful harassment and a hostile work environment, and (3) retaliation.

2. Plaintiff seeks back pay, front pay, compensatory damages, punitive damages, attorney's fees and costs, and such further relief as the Court deems just and proper under the circumstances.

## PARTIES

3. Plaintiff Daryl Mack has at all times relevant to this matter been a resident of Maricopa County, Arizona.

4. Defendant has at all times relevant to this matter been a Delaware corporation doing business in Arizona, and an employer with over 500 employees.

## JURISDICTION AND VENUE

5. This Court has personal and subject matter jurisdiction over the parties and issues in this Complain, pursuant to 28 U.S.C. §1331.

6. Venue is proper in this Court, pursuant to 28 U.S.C. §1391(b), because the acts, events, or omissions giving rise to Plaintiff's claims occurred in whole, or in part, in Maricopa County, Arizona.

## FACTUAL BACKGROUND

7. Plaintiff began his employment with U.S. Airways in 2007 and became an employee of Defendant when Defendant merged with U.S. Airways in 2013.

8. In or around March 2016 Plaintiff began working for Defendant as a Central Baggage Resolution Specialist.

9. In or around January 2018 Plaintiff complained to his immediate manager Evelyn Baca that he believed he was subjected to discrimination because of his race during a training session.

10. In March 2018 Plaintiff was placed on a Performance Improvement Plan ("PIP").

11. Within days or weeks after being placed on the PIP in March 2018, Plaintiff contacted Katherine Nichols, Senior Manager of Operations, to complain about discrimination and retaliation.

12. In May 2018 Ms. Nichols send Plaintiff an email acknowledging that she had communicated Plaintiff's complaints to Defendant's Human Resources Department.

13. Upon information and belief, Defendant terminated Ms. Baca's employment in or around January 2019 in part because of concerns regarding discriminatory conduct

towards employees.

14. In March 2019 Plaintiff began working for Manager Ceasar Romero, who was a friend and confidant of Plaintiff's former manager Evelyn Baca.

15. Shortly after Plaintiff began working for Mr. Romero Plaintiff began experiencing increased and unwarranted scrutiny from Mr. Romero compared to his coworkers.

16. Shortly after Plaintiff began working for Mr. Romero Plaintiff also noticed that he started being assigned a disproportionate number of claims that were suspicious or fraudulent. Despite the suspicious or fraudulent nature of the claims, Plaintiff was forced to reimburse Defendant for payments Defendant allegedly paid on the fraudulent claims.

17. Forcing Plaintiff to reimburse Defendant for payments on baggage claims was in violation of Defendant's policy, and Plaintiff is unaware of any other coworkers who were forced to reimburse Defendant for payments on baggage claims.

18. In or around April 2019, Mr. Romero admonished Plaintiff for not complying with certain procedures that were not enforced with Plaintiff's Caucasian and Hispanic coworkers.

19. On May 20, 2019, Mr. Romero placed Plaintiff on a PIP.

20. On May 30, 2019, Plaintiff contacted the HR Department to complain about Mr. Romero and the unfair treatment he had experienced under Mr. Romero's management.

21. On June 13, 2019, Mr. Romero confronted Plaintiff and demanded information about Plaintiff's complaints to the HR Department in 2018. When Plaintiff refused to disclose information Mr. Romero said the harassment would continue and that he would be placing Plaintiff on a "Final Warning."

22. Shortly thereafter, Plaintiff contacted the HR Department again to complain about Mr. Romero's misconduct, noting he no longer felt comfortable working for Mr. Romero.

23. During another meeting with Mr. Romero on June 26, 2019, Mr. Romero

Hernandez Law Firm, PLC
5330 N. 12th St.
Phoenix, Arizona 85014
602.753.2933

scrutinized Plaintiff's handling of an old file (more than three months old), and again demanded information about Plaintiff's prior HR complaints and threatened Plaintiff with a "Final Warning."

24. On or about July 11, 2019, Mr. Romero issued Plaintiff a Final Warning.

25. On or about August 16, 2019, Plaintiff met with the Director of Operations Jim Fahnsestock to complain about unfair discriminatory treatment and harassment he was being subjected to by Mr. Romero.

26. On or about August 22, 2019, Mr. Romero issued Plaintiff a second Final Warning.

27. Defendant terminated Plaintiff's employment on September 10, 2019.

28. In the weeks and months prior to his termination, Plaintiff complained to management and Human Resources representatives about unfair, discriminatory, and/or retaliatory treatment by his then immediate supervisor Mr. Romero.

29. Plaintiff's complaints were ignored. Defendant failed to conduct any investigation regarding Plaintiff's complaints.

30. Based upon the foregoing, on or around June 8, 2020, Plaintiff filed an administrative charge (EEOC Form 5A) with the U.S. Equal Employment Opportunity Commission alleging race discrimination and retaliation (attached hereto as Exhibit A).

31. On or around July 21, 2019, Plaintiff filed a second administrative charge (EEOC Form 5) EEOC alleging race discrimination and retaliation (attached hereto as Exhibit B).

32. No more than 90 days have passed since Plaintiff received his Notice of Right to Sue.

**FIRST CAUSE OF ACTION**

**Title VII-Discrimination Based on Race**

33. Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if specifically set forth herein.

34. As African-American male, Plaintiff is a member of a protected class.

35. Upon information and belief, Plaintiff was subjected to less favorable treatment than similarly situated coworkers because of his race, national origin, and/or ancestry, including but not limited to, heightened scrutiny, constant criticism and subjecting him to unfavorable working conditions compared to similarly situated coworkers who engaged in the same or similar conduct.

36. Defendant maintained and implemented unlawful discriminatory practices and, by the use of facially neutral employment practices and on other occasions, by the use of excessively subjective standards for selection of those to be promoted, demoted, discharged, or disciplined, caused adverse and discriminatory impact on African-American employees, including Plaintiff.

37. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages, including but not limited to, lost wages, benefits, and other pecuniary losses. In addition, he has and will continue to suffer emotional distress, sleeplessness, depression, nervousness, loss of focus and concentration, pain and suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and the loss of enjoyment of life.

38. The unlawful employment practices described herein were willful, wanton, malicious, and in reckless disregard of Plaintiff's rights and he is entitled to punitive damages in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**

**Title VII-Retaliation**

39. Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if specifically set forth herein.

40. During the course of Plaintiff's employment with Defendant, Plaintiff was retaliated against in violation of Title VII and subjected to less favorable terms and conditions of employment than similarly situated employees because he complained about unlawful discrimination and harassment.

41. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff

has suffered damages, including but not limited to, lost wages, benefits, and other pecuniary losses. In addition, he has and will continue to suffer emotional distress, sleeplessness, depression, loss of focus and concentration, pain and suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and the loss of enjoyment of life.

42. The unlawful employment practices described herein were willful, wanton, malicious, and in reckless disregard of Plaintiff's rights and he is entitled to punitive damages in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## §1981-Discrimination Based on Race

43. Plaintiff incorporates by reference the preceding paragraphs in the Complaint as if specifically set forth herein.

44. Upon information and belief, Defendant subjected Plaintiff to less favorable treatment than similarly situated coworkers because of his race, including but not limited to, heightened scrutiny, constant criticism and subjecting him to more severe discipline compared to similarly situated coworkers who engaged in the same or similar conduct.

45. Defendant maintained and implemented unlawful discriminatory practices and, by the use of facially neutral employment practices and on other occasions, by the use of excessively subjective standards for selection of those to be promoted, demoted, discharged, or disciplined, caused adverse and discriminatory impact on African-American employees, including Plaintiff.

46. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages, including but not limited to, lost wages, benefits, and other pecuniary losses. In addition, he has and will continue to suffer emotional distress, sleeplessness, depression, loss of focus and concentration, pain and suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and the loss of enjoyment of life.

47. The unlawful employment practices described herein were willful, wanton,

malicious, and in reckless disregard of Plaintiff's rights and he is entitled to punitive damages in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### §1981-Retaliation

48. Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if specifically set forth herein.

49. During the course of Plaintiff's employment with Defendant, Plaintiff was retaliated against in violation of §1981 and subjected to less favorable terms and conditions of employment than similarly situated employees because he complained about unlawful discrimination and harassment.

50. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages, including but not limited to, lost wages, benefits, and other pecuniary losses. In addition, he has and will continue to suffer emotional distress, sleeplessness, depression, loss of focus and concentration, pain and suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and the loss of enjoyment of life.

51. The unlawful employment practices described herein were willful, wanton, malicious, and in reckless disregard of Plaintiff's rights and he is entitled to punitive damages in an amount to be determined at trial.

**WHEREFORE**, Plaintiff prays for relief against Defendant, jointly and severally, as follows:

A. Award Plaintiff back pay, front pay, and any other available compensatory damages, as may be determined at trial;

B. Award Plaintiff general damages for him emotional distress, sleeplessness, depression, loss of focus and concentration, pain and suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and the loss of enjoyment of life, as may be determined at trial;

C. Award Plaintiff punitive damages as may be determined at trial;

Hernandez Law Firm, PLC
5330 N. 12th St.
Phoenix, Arizona 85014
602.753.2933

D. Order Defendant to pay reasonable attorney's fees and costs;

E. Order Defendant to pay pre-judgment interest on all amounts for which pre-judgment interest is legally allowable, at the highest lawful rate;

F. Order Defendant to pay post-judgment interest at the highest lawful rate for all amounts, including attorney fees, awarded against Defendant; and

G. Order all other relief, whether legal, equitable or injunctive, as may be necessitated to effectuate full relief to Plaintiff.

**JURY DEMAND**

Plaintiff requests a jury trial.

Respectfully submitted this 31st day of March 2021.

                Hernandez Law Firm, PLC

                By: /s/ Isaac P. Hernandez
                      Isaac P. Hernandez
                      Attorney for Plaintiff

Hernandez Law Firm, PLC
5330 N. 12th St.
Phoenix, Arizona 85014
602.753.2933

# Exhibit A



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## CHARGE OF DISCRIMINATION

For Official Use Only – Charge Number:

EEOC Form 5A (October 2017)

| | |
|---|---|
| **Personal Information** | First Name: Daryl   MI: L   Last Name: Mack<br>Address: 42706 W. Sunland Dr   Apt.: <br>City: Maricopa   County: Pinal   State: AZ   Zip Code: 85138<br>Phone: 210-688-5400   Home ☐ Work ☐ Cell ☑ Email: darylsmacks@hotmail.com |
| **Who do you think discriminated against you?** | Employer ☑   Union ☐   Employment Agency ☐   Other Organization ☐<br>Organization Name: American Airlines<br>Address: 1921 W. Rio Salado Pkwy   Suite: <br>City: Tempe   State: AZ   Zip Code: 85281   Phone: |
| **Why you think you were discriminated against?** | Race ☑   Color ☐   Religion ☐   Sex ☐   National Origin ☐   Age ☐<br>Disability ☐   Genetic Information ☐   Retaliation ☑   Other ☐ (specify) |
| **What happened to you that you think was discriminatory?** | Date of most recent job action you think was discriminatory: June 13, 2019<br>Also describe briefly each job action you think was discriminatory and when it happened (estimate).<br>On June 13, 2019, I was retaliated against by my boss. I was threatened with disciplinary action because I refused to provide confidential information of a complaint I filed with HR about racial misconduct I received in SAN 2018 at a training class. My boss created a hostile work environment where I was overwhelmed with additional work, harassment and write-ups. I was terminated after I reached out to HR and the Director of Ops. |
| **Signature and Verification** | I understand this charge will be filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address, phone, or email. I will cooperate fully with them in the processing of my charge in accordance with their procedures.<br><br>I understand by signing below that I am filing a charge of employment discrimination with the EEOC. I understand that the EEOC is required by law to give a copy of the charge, which includes my allegations and my name, to the organization named above. I also understand that the EEOC can only investigate charges of job discrimination based on race, color, religion, sex, national origin, age, disability, genetic information, or based on retaliation for filing a charge of job discrimination, participating in an investigation of a job discrimination complaint, or opposing job discrimination.<br><br>**I declare under penalty of perjury that the above is true and correct.**<br>Signature: Daryl C. Mack   Date: 6/18/20 |

# Exhibit B

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To: [ ] FEPA  [X] EEOC

Agency(ies) Charge No(s): **540-2020-02651**

**Arizona Attorney General's Office, Civil Rights Division** and EEOC
*State or local Agency, if any*

| Field | Value |
|---|---|
| Name | Mr. Daryl L. Mack |
| Home Phone | (240) 688-5400 |
| Date of Birth | |
| Street Address | 42706 W Sunland Dr, Maricopa, AZ 85138 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| AMERICAN AIRLINES | 500 or More | |
| Street Address: 1821 WEST RIO SALADO PKWY, Tempe, AZ 85281 | | |

DISCRIMINATION BASED ON:
[X] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[X] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] GENETIC INFORMATION
[ ] OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 06-13-2019   Latest: 09-10-2019
[ ] CONTINUING ACTION

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s)*):

I was hired by the Respondent on or about April 16, 2007. I was employed as a Customer Service Agent. During my employment, I complained of race discrimination. Subsequently, I was intimidated by management, micromanaged, told to ignore Respondent's policies and then reprimanded for following those instructions, and placed on final warnings. On September 10, 2019, I was discharged.

I believe that I have been discriminated against because of my race, Black, and in retaliation for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date: 7/21/2020
Charging Party Signature: [signed] Daryl C. Mack

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)