**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daryl Mack,<br><br>  Plaintiff,<br><br>v.<br><br>American Airlines Incorporated,<br><br>  Defendant. | No. CV-21-00558-PHX-DJH<br><br>**ORDER** |

Before the Court is Plaintiff's Motion for Reconsideration (Doc. 43). The Court requested that Defendant respond, and it has done so (Doc. 47).[1]

Plaintiff previously argued to the Court that Defendant failed to produce "[a]ll Monthly Quality Monitoring Reports from January 2019 to December 2019 (see, e.g., DMACK000090- 110) for all Central Baggage Resolution Specialists who reported to, or were supervised by, Cesar Romero." (Doc. 43 at 1) (hereafter "the Request"). The Court, in its ruling on the discovery dispute, stated,

> Defendant represents that it has produced all of the requested "Quality Monitor Reports" and that Plaintiff is now requesting "monthly debriefs for the same employees." Plaintiff fails to specify how Defendant's response to the request is insufficient, nor does he contest that he is now seeking documents that were not originally requested. Therefore, the Court will also sustain Defendant's objection as to this second request.

---

[1] Defendant argues that Plaintiff's Motion for Reconsideration is untimely under the Scheduling Order because discovery closed on September 9, 2022, and the Motion was not filed until September 12, 2022. Plaintiff says the delay was due to the fact that he was awaiting confirmation from Defendant that it was not going to produce the documents at issue. The Court will excuse the brief delay.

(Doc. 40 at 2). Plaintiff now seeks reconsideration of that ruling. Plaintiff says due to the Court's page limitations on discovery dispute notifications, he did not have room to sufficiently explain the difference between the documents he sought and what Defendant had produced.

Plaintiff first says that, based on documents labeled "Monthly Quality Monitoring Reports" in his possession, he timely sought from Defendant the same reports for employees working under his supervisor Cesar Romero ("Romero") in 2019. The language of the request referenced the Bates-labeled documents in Plaintiff's possession so that Defendant would know exactly which reports Plaintiff was seeking. Plaintiff says these types of monthly reports include graphs and performance dates that ranks one employee's performance to peers that worked in his same position under the same supervisor. Plaintiff says Defendant initially produced nothing in response to the request, but then produced reports called "Individual Quality Monitors." Plaintiff says these documents assess how an individual baggage claim specialist handled an individual baggage claim; they do not compare employee performances or have extensive data about the employee. They are not, in other words, the "Monthly Quality Monitoring Reports" asked for in his Request.

Accordingly, Plaintiff argues that Defendant was making a semantics argument when it represented in the Discovery Dispute Position statement that it had responded to the request by producing "Quality Monitors" for employees under Romero and that Plaintiff was now seeking new and different information by seeking "Monthly Debriefs" on those employees. (Doc. 38 at 4). Plaintiff says he has clarified numerous times the documents his request was seeking, has provided Defendant examples of the reports Plaintiff was looking for, and that the parties have entered into a Protective Order to avoid disclosure of sensitive third-party information that may be responsive to the Request.

In its Response, Defendant argues it had only agreed to produce the performance records for employees under Romero that had been terminated for performance reasons and objected to production of all performance records for every employee supervised by Romero in 2019 as overly burdensome and not proportional to the needs of the case.

Defendant says there were 35 people on Romero's team in 2019, and "[p]roducing these documents would involve individualized searches of each employee's OneNote file to determine which documents are responsive. This would take a significant amount of effort and would be unduly burdensome." (Doc. 47 at 3).  Defendant does not otherwise elaborate.  Defendant also argues that Plaintiff's request is a fishing expedition because Plaintiff has not explained how the burden and expense is proportional to the needs of the case.  Defendant insinuates that Plaintiff cannot show an objective basis that the comparator aspects of these personnel files are relevant his claims. (Doc. 47 at 3).  Finally, Defendant posits out that it has already produced the records that "are most relevant to Plaintiff's claims." (*Id.*)  Defendant argues:

> Plaintiff claims that he was terminated because of his race (Black) and in retaliation for engaging in protected activity under Title VII and § 1981. Plaintiff asserts that White and Hispanic employees were treated more favorably than he was. Defendant has produced a list of the 26 employees who were terminated for performance-related reasons since 2017. Of those, 22 are White or Hispanic – demonstrating that those employees were also subject to termination for performance failures. Defendant has produced all performance documents for those employees. Plaintiff can now determine whether those employees were treated more favorably than him. For example, if White and Hispanic employees were given more chances to improve their performance prior to termination, that information would show up in the records that have been produced. Similarly, if White and Hispanic employees were only terminated for more serious performance violations than Plaintiff, that information would be contained in the records that have been produced.

(*Id.*)

The Court rejects Defendant's positions.  Subject to certain limitations, Plaintiff is entitled to discovery on any nonprivileged matters relevant to his race discrimination claim.[2]  Fed.R.Civ.P. 26(b)(1).  "Relevant information for purposes of discovery is information reasonably calculated to lead to the discovery of admissible evidence." *Id.* "A request for discovery should be considered relevant if there is any possibility that the

---

[2] Defendant does not object to the Request on the grounds that it seeks privileged or sensitive third-party information, and indeed, as Plaintiff points out, the parties have entered into a Protective Order to avoid such unnecessary disclosure or embarrassment.

- 3 -

information sought may be relevant to the subject matter of this action. Discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought can have no possible bearing upon the subject matter of this action." *Ragge v. MCA/Universal Studios, Inc.*, 165 F.R.D. 601, 604 (C.D. Cal. 1995). District courts have broad discretion in determining relevancy for discovery purposes. *Hallet v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

It appears clear to this Court that the comparator evidence Plaintiff seeks is relevant and discoverable. Here, the Request seeks documents for a 12-month period, and for approximately 35 individuals; this is not overbroad on its face, and Defendant does not sufficiently explain how production of "Quality Monitor Reports" for 35 employees for this time period is unduly burdensome. In his Complaint, Plaintiff alleges that "[s]hortly after Plaintiff began working for Mr. Romero Plaintiff began experiencing increased and unwarranted scrutiny from Mr. Romero compared to his coworkers. . . [and] that he started being assigned a disproportionate number of claims that were suspicious or fraudulent." (Doc. 1 ¶¶ 15–16). To the extent an "objective basis" is required for such information, the Court finds that Plaintiff has provided it, and rejects Defendant's suggestion that the Request is a mere fishing expedition for these approximately 35 personnel files. Finally, although Plaintiff may be able to establish discrimination by showing how terminated employees were given more chances to improve their performance, this certainly is not the only way to show the alleged discriminatory conduct. Discovery standards do not fall on whether evidence is the "most relevant," but instead on whether there is any possibility the information could be relevant.

In sum, The Court finds cause to reconsider its prior ruling on this Request. *See* LRCiv 7.2(g). However, no other fact discovery, beyond what is covered here, may be sought as the fact discovery deadline has now passed.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 43) is **granted**. Within 14 days of this Order, Defendant is ordered to produce "[a]ll Monthly Quality

Monitoring Reports[3] from January 2019 to December 2019 (see, e.g., DMACK000090-110) for all Central Baggage Resolution Specialists who reported to, or were supervised by, Cesar Romero."

Dated this 9th day of September, 2022.

Honorable Diane J. Humetewa
United States District Judge

---

[3] Plaintiff's proposed order asks that Defendant be ordered to produce "[a]ll Monthly Reports. . . ." So as to avoid any further semantical misunderstandings between the parties, the Court will order Defendant to produce the documents as described in Plaintiff's original Request. However, the Court finds that Plaintiff has sufficiently shown these documents, whether internally called "Monthly Quality Monitoring Reports" or "Monthly Reports," should be one and the same.